IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 08-610 |
| | : | |
| SEAN SIMPSON | : | |

**ORDER-MEMORANDUM**

**AND NOW**, this 18th day of June, 2024, upon consideration of Sean Simpson's Motion for Early Termination of Supervised Release (Docket No. 52) and the Government's response thereto, in which it does not oppose Mr. Simpson's Motion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and Mr. Simpson's term of supervised release is **TERMINATED**.

On May 9, 2012, Mr. Simpson pled guilty pursuant to a Guilty Plea Agreement to Counts One through Seven of Indictment No. 08-610, all of which charged him with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On December 12, 2012, he was sentenced by the Honorable Gene E. K. Pratter to terms of 120 months of imprisonment on each of Counts One through Seven, such terms to be served concurrently. He was also sentenced to eight years of supervised release.

Mr. Simpson was released from federal custody and commenced supervised release on November 16, 2018. He has served more than five and one-half years of the eight-year supervised release period. He adjusted well after his release from prison, has fully complied with the terms of his supervised release, and has been a model parolee while on supervised release. He is presently 50 years old and has been working full time for the same employer since 2018. He resides with his wife in the home that they own. He was recently reduced to Low 1 supervision, which is electronic supervision.

Mr. Simpson has moved for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e), which provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). "As the individual seeking early termination of supervised release, [Mr. Simpson] has the burden to show that early termination is warranted." United States v. Santiago, Crim. A. No. 12-566-1, 2024 WL 2092035, at *3 (E.D. Pa. May 9, 2024) (citing United States v. Mabry, 528 F. Supp. 3d 349, 356 (E.D. Pa. 2021)).

Mr. Simpson has completed more than one year of his supervised release and has fully complied with all of the terms of his supervised release. Thus, we consider the relevant § 3553(a) sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (quoting United States v. Davies, 746 F. App'x 86, 88-89 (3d Cir. 2018)). "After considering these factors, [we] may provide relief only if [we are] satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the

2

defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. (quoting United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014)).  We "are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [we have] considered the statutory factors is sufficient.'"  Id. at 52-53 (quoting United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003)).

We have considered each of the relevant § 3553(a) factors and find that these factors support early termination.  We recognize that Mr. Simpson's offenses were serious and he admits that he was caught up in the "street life" prior to his arrest in this case.  However, Mr. Simpson has been a law-abiding citizen since his release from imprisonment with a strong record of employment.  We have considered the letters of support provided by Mr. Simpson's family members, employment supervisor, and friends.  These letters urge us to grant the Motion because, since his release from imprisonment, Mr. Simpson has been a law-abiding citizen, supportive family member, good friend, and good employee, and has a strong support system.

The Government does not oppose the Motion.  In fact, the Government states in its Response that Mr. Simpson has adjusted well to supervised release and been fully compliant, that "[h]e works full time, is married, and owns his own home."  (Resp. at 4.)  The Government also states that Mr. Simpson's "motion, the letters in support of his motion, and the Probation Office's assessment of the defendant while on supervised release, support the defendant's motion for early termination."  (Id.)  We conclude, based on the Motion, the letters provided by Mr. Simpson, the Government's response to the Motion, and our consideration of the § 3553(a) factors, "that early termination is warranted by the defendant's conduct and is in the interest of justice."  Melvin, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)).  Accordingly, we grant the Motion and terminate Mr.

Simpson's term of supervised release.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.
